UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:18-cr-04496-GPC |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR COMPASSTIONATE RELEASE** |
| v. | |
| DWIGHT WAYNE JORDAN, | **[ECF No. 41].** |
| Defendant. | |

Defendant Dwight Wayne Jordan ("Jordan") filed a motion seeking compassionate release or reduction of his sentence under 18 U.S.C. § 3582(c) ("Motion"). ECF No. 41. On October 21, 2020, the Government filed a response in opposition ("Opp.") to Defendant's Motion. ECF No. 43. On October 27, 2020, Jordan filed a reply. ECF No. 44. For the reasons that follow, Jordan's Motion is DENIED.

**I.    BACKGROUND**

Jordan was convicted by guilty plea of one count each of possession of controlled substances with intent to distribute and possession of a firearm by a felon in violation of 21 U.S.C. § 841 (a) and 18 U.S.C. § 922(g)(1). ECF Nos. 23, 37. Jordan was sentenced to 151 months imprisonment for the first count and 120 months imprisonment for the

second count, to run concurrently, followed by a five-year period of supervised release for the first count and three-year period of supervised release for the second count, also to run concurrently. ECF No. 37. Jordan is presently confined at the Federal Correctional Institution Victorville ("FCI Victorville") and as of the time of his Motion, had served approximately 25 months, or about 17% of his 151-month sentence. Opp. at 3.

Jordan is 62 years old and states that he has been prehypertensive since 2007. ECF No. 41 at 2; ECF No. 27 ("PSR") at 2. Jordan has already contracted COVID-19 while in custody and seems to have recovered. ECF No. 44 at 2. He also asserts that he is the only family member capable of caring for his wife, who suffers from end-stage kidney failure and requires "life-sustaining dialysis three times per week, constant care, and frequent hospitalizations for complications in her treatment." ECF No. 41 at 3, 9.

Jordan moves this Court for compassionate release on the basis that (1) his age makes him more susceptible to the risks posed by COIVD-19 and (2) he is the only family member capable of caring for his wife, who is unable to care for herself. ECF No. 41 at 1, 3.

## II. DISCUSSION

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>    (i) extraordinary and compelling reasons warrant such a reduction; or
>    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>    . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, the Court must consider two questions: first, whether Jordan has fulfilled the administrative exhaustion requirement; second, whether Jordan has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-39, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id.* As one district court recently provided:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner . . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). *See e.g.* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314-02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the

First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

### A. Exhaustion requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement on the defendant, requiring him to fully exhaust all administrative rights to appeal before he may move the court for release. On August 1, 2020, Jordan filed a request for compassionate release with the Warden of FCI Victorville, based upon his age and susceptibility to COVID-19. ECF No. 41 at 2. On September 1, 2020, Jordan filed a second request for compassionate release with the Warden, this time based on the incapacitation of his wife. *Id.* at 3. The Warden did not respond to either of Jordan's requests. *Id.* at 2-3. The Government does not contest the issue of exhaustion in its Opposition. Opp. at 9. Accordingly, the Court will consider the merits of Jordan's Motion.

### B. Extraordinary and Compelling Circumstances

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1. 13 of the Sentencing Guidelines further clarifies that a sentence reduction under 18 U.S.C. §(c)(1)(A) may be ordered in the event the court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a), that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g); and
> (3) The reduction is consistent with this policy statement."

Application Note 1 to the Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note stipulates that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of correctional facility and from which he or she is not expected to recover" establishes "extraordinary and compelling reasons" in justification for compassionate release. Additionally, the Note indicates that certain family circumstances, including"[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," would constitute extraordinary and compelling reasons under the Sentencing Guidelines.

i. **Health Risks Related to COVID-19**

Jordan argues that he is at greater risk of contracting COVID-19 while incarcerated at FCI Victorville, and that because of his age and conditions, he is more susceptible to the adverse effects of COVID-19.[1] The Government responds that Jordan's age and health issues are insufficient to demonstrate extraordinary and compelling reasons to justify reduction of his sentence, particularly because Jordan has already contracted COVID-19 and has recovered. ECF No. 43-1.

Although defendants with particular medical conditions may demonstrate extraordinary and compelling reasons for release given the risk of serious illness were they to contract COVID-19 while in custody, the facts in Jordan's case fail to meet that standard. Jordan has not identified a medical condition that renders him at increased risk of serious illness as a result of COVID-19. *See People with*

---

[1] On reply, Jordan's counsel states that "we now know that Jordan tested positive for the virus and seems to have recovered. His situation is therefore minimized based upon what we know now." ECF No. 44 at 2.

*Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  While Jordan, aged 62, is more susceptible to the harms of COVID-19 than those in younger age groups, he is not in the age group at highest risk of severe outcomes.  *See Older Adults*, Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.  Further, the fact that Jordan has already contracted COVID-19 and apparently recovered, without arguing he suffered severe effects, weighs against finding the existence of extraordinary and compelling circumstances based on his age alone.  *Cf. United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *7 (E.D. Cal. Aug. 17, 2020); *United States v. Smith*, No. 2:13-cr-775 DB, 2020 WL 5107635, at *4 (D. Ut. Aug. 31, 2020).  Although the Court notes that there is still scientific uncertainty surrounding reinfection and how long COVID-19 immunity lasts, current research indicates that reinfection is possible, but unlikely. *See* Apoorva Mandavilli, *Coronavirus Reinfections Are Real but Very, Very Rare*, N.Y. Times, Oct. 13, 2020, https://nytimes.com/2020/10/13/health/coronavirus-reinfection.html ("More than 38 million people worldwide have been infected with coronavirus, and . . . fewer than five of those cases have been confirmed by scientists to be reinfections.").

Accordingly, the Court finds that Jordan has not presented extraordinary and compelling circumstances to justify his release arising from his susceptibility to COVID-19 while in custody.

### ii.    Family Circumstances

Jordan also argues that the caretaking needs of his wife, who has end-stage kidney failure, constitute extraordinary and compelling circumstances for release. Jordan explains that his wife must undergo life-sustaining hemo-dialysis treatments three times per week and is frequently hospitalized for complications arising from her treatment.  ECF No. 41 at 3. According to Jordan, his wife needs constant help

and support, but has no other family member who can care for her nor the financial means to afford an in-home nurse or placement in a nursing home. *Id.* The Government argues that Jordan had previously represented in his request for release to the Warden that he had "a place of residence with [his] wife and daughter," and has failed to show there is no other available caregiver for his spouse. Opp. at 11.

Although the Court is not bound to consider only those family circumstances explicitly included in the language of the Sentencing Guidelines or its Application Notes, the Court still must be guided by the principles of the extraordinary and compelling reasons standard. *See* U.S.S.G. § 1B1.13 Application Note 1(D) (noting there may "exist[] in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)"); *United States v. Yoda*, 15-CR-95 (AJN), 2020 WL 5502325, at *3 (S.D.N.Y. Sept. 11, 2020) ("[a]s other courts have noted in reference to [the family circumstances] category, 'a court may find that there exists an extraordinary and compelling reason other than those specifically enumerated in the Application notes to § 1B1.13.'") (quoting *United States v. Lisi*, 440 F. Supp. 3d 246, 251–52 (S.D.N.Y. 2020)). Here, although Jordan has provided evidence that his wife suffers from a severe medical condition that may require a family member's support and care, Jordan fails to support his argument that he is the only available caretaker for his wife. Jordan's wife began receiving dialysis at her current clinic on September 25, 2019, over a year ago, and Jordan does not currently care for her.[2] Jordan does not indicate what circumstances arose that have either rendered his wife suddenly in need of a caretaker when she did not previously require one, or caused her current caretaker to become unavailable. *See Yoda*, 2020 WL 5502325 at *3 ("it is relevant, if not dispositive, that [the defendant's] father does

---

[2] Jordan's pre-sentence report states that his wife has suffered from kidney failure since 2002 or 2003. PSR at 16.

not appear to depend exclusively on [the defendant] for care at this time"). Jordan's reply also fails to respond to the Government's assertion that he previously represented to the Government that his daughter lives with his wife. Accordingly, although the Court recognizes the hardship Jordan faces while being separated from his wife while she is very ill, his Motion's complete lack of detail as to why Jordan is the only available caretaker for her causes the Court to conclude he has not presented extraordinary and compelling reasons for release.

### C. Public Safety and Sentencing Factors

Even if the Court were to conclude that Jordan's family circumstances or health issues weighed in favor of his release, the factors outlined in Sections 3553 and 3582 also require consideration of public safety, the seriousness of the offense, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. §§ 3553(a)(2)(C); 3582(c)(1)(A)(ii).  Jordan asserts that he "has no documented history of violence . . . and has maintained a clean and clear disciplinary record while in custody."  ECF No. 41 at 4.  The Government argues that Jordan poses a significant danger to public safety because of his criminal history, and that the sentencing factors weigh against his release because he has completed less than one-fifth of his sentence.  Opp. at 12.

The Court finds that Jordan may pose a danger to the public if he were released, and that reducing the sentence to time served would not result in a sentence that reflects the seriousness of the offense.  Jordan's present offenses involved large amounts of cocaine, crack cocaine, and heroin that he intended to distribute in the community, as well as multiple loaded firearms.  PSR at 5. Adding to the dangerousness of his offense conduct is the fact that during his arrest, Jordan fled from officers, driving over 50 miles per hour through a 30 mile per hour zone in downtown San Diego.  *Id.* at 4.  His criminal history reflects that he has several previous drug distribution convictions, as well as convictions for burglary and attempted robbery.  *Id.* at 9–14.  The Court therefore finds that Jordan

may present a danger to the community if he is released, given his repeated involvement with controlled substance distribution. Further, releasing Jordan only 25 months into his 151-month sentence would not reflect the seriousness of the offense and would create an unwarranted sentencing disparity between Jordan and others convicted of similar offenses.

Accordingly, The Court finds that even had Defendant's circumstances qualified under the extraordinary and compelling reasons standard, a reduction of his sentence would not be justified under Sections 3582 or 3553.

### III.  CONCLUSION

For the reasons set forth above, Jordan's Motion for compassionate release pursuant to 18 U.S.C. § 3582(c) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 4, 2020

Hon. Gonzalo P. Curiel
United States District Judge